LOUIS P. PETRICH
VINCENT COX
DONALD R. GORDON
DANIEL M. MAYEDA*
ROBERT S. GUTIERREZ
JAMIE LYNN FRIEDEN
ELIZABETH L. SCHILKEN

* Also admitted in the District of Columbia

Author's E-Mail: «Professional Internet E-mail»

LAW OFFICES
**LEOPOLD, PETRICH & SMITH**
A PROFESSIONAL CORPORATION
www.lpsla.com

April 9, 2018

SUITE 3110
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-3274

TELEPHONE:  (310) 277-3333
FACSIMILE:   (310) 277-7444

A. FREDRIC LEOPOLD (1919-2008)

OF COUNSEL:
EDWARD A. RUTTENBERG
JOEL MCCABE SMITH
LORALEE SUNDRA

04100.0104

**VIA ECF**

Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

    Re:    *Benny Mardones, et al. v. Cyndi Lauper, et al.*
            USDC Case No. 18-cv-01897-VM

Dear Judge Marrero:

      Plaintiffs and Defendants submit this joint letter for the Initial Conference set for 4:15 pm on April 13, 2018.

      This is a copyright infringement case under the U. S. Copyright Act, 17 U.S.C. §101, *et seq*.  Plaintiffs are the purported songwriters of the musical composition entitled "Into The Night" (the "Night Song").  They contend that the song purportedly composed and performed by defendant Cyndi Lauper, entitled "Raise Me Up" (the "Raise Song") for use in the Broadway Play, "Kinky Boots" infringed the copyright in the Night Song.  In 1999, Plaintiffs assigned their legal title to the copyright in the Night Song to Spirit Two Music, Inc, a New York Corporation, in return for Spirit's promise to pay Plaintiffs royalties for the exploitation of the song's copyright.  Plaintiffs brought this case for infringement against Defendants Cyndi Lauper and Kinky Boots because Spirit, the owner of the legal title in the song's copyright, refused to do so.  The Copyright Act allows so-called "beneficial owners" of a copyright to maintain an infringement suit.  Copyright Act, §501(b); *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 410-413 (2d Cir. 2018).

      Plaintiffs contend that Lauper has been familiar with Mardones and the Night Song at all relevant times. The Night Song is one of only ten records in history to have placed in the top 20 of the Billboard Hot 100 chart twice—it reached #11 in 1980 following its release and hit #20 nearly a decade later in 1989. It was squarely between these two years that Lauper had her Not 100 chart #1 songs, "Girls Just Want to Have Fun" and "Time after Time." Moreover, Plaintiffs

Honorable Victor Marrero
April 9, 2018
Page 2

LEOPOLD, PETRICH & SMITH
A PROFESSIONAL CORPORATION

are informed and believe that Mardones's former touring drummer was serving as the drummer for Lauper at the time the "Raise Song" was composed. And, Lauper's copying need not have been intentional, as United States copyright law recognizes that subconscious copying is actionable as conscious copying under what has been referred to in legal writing as the "subconscious copying doctrine."[1]

Defendants deny that they copied any protected expression in the Night Song or copied at all.  Lauper contends that she composed the Raise Song independently of the Night Song. Defendants also contend that any recovery in this case would limited to the three years prior to the date the case was commenced.

Defendants contemplate filing a motion for summary judgment at the close of discovery.

Defendants believe that discovery needs to be concluded before the parties will be willing to conduct settlement negotiations.

No party consents to proceed to trial before the Magistrate Judge designated for this action.

Respectfully submitted,


| /s/ Andrew Gerber | /s/ Louis P. Petrich |
|---|---|
| Andrew Gerber (AG0779) | Louis P. Petrich (*admitted pro hac vice*) |
| KUSHNIRSKY GERBER PLLC | LEOPOLD, PETRICH & SMITH, P.C. |
| 27 Union Square West, Suite 301 | 2049 Century Park East, Suite 3110 |
| New York, NY  10003 | Los Angeles, CA  90067 |
| Tel:    (212) 882-1320 | Tel:    (310) 277-3333 |
| Fax:   (917) 398-1487 | Fax:   (310) 277-7444 |
| Email: andrew@kgfirm.com | Email: lpetrich@lpsla.com |
| | |
| Stephen M. Doniger | Katherine M. Bolger |
| Frank Gregory Casella | DAVIS WRIGHT TREMAINE LLP |
| DONIGER / BURROUGHS | 1251 Avenue of the Americas, 21st Fl. |

---

[1] The rule originated in the 1924 case *Fred Fisher, Inc. v. Dillingham*, 298 F. 145 (S.D.N.Y. 1924), and has been recognized in many cases since. See *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482-83 (9th Cir. 2000) ("Subconscious copying has been accepted since Learned Hand embraced it in [the Fred Fisher case]."); 4- 13 DAVID NIMMER, NIMMER ON COPYRIGHT § 13.08 (2006) ("In actions for statutory copyright infringement, the innocent intent of the defendant will not constitute a defense to a finding of liability.").

41885.docx

Honorable Victor Marrero
April 9, 2018
Page 3

LEOPOLD, PETRICH & SMITH
A PROFESSIONAL CORPORATION

603 Rose Avenue
Venice, CA 90291

Tel:   (310) 590-1820
Fax:   (310) 417-3538
Email: stephen@donigerlawfirm.com
Email: fcasella@donigerlawfirm.com

David Rudich
LAW OFFICES OF DAVID RUDICH
9255 Sunset Boulevard, Suite 920
Los Angeles, CA  90069

Tel:   (310) 550-8020
Fax:   (310) 859-8651
Email: david@davidrudich.com

*Attorneys for Plaintiffs*
BENNY MARDONES and ROBERT TEPPER

New York, New York  10020-1104
Tel:   (212) 489-8230
Fax:   (212) 489-8340
Email: katebolger@dwt.com

*Attorneys for Defendants*
CYNDI LAUPER and KINKY BOOTS, LLC